| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>homas K. Schultheis<br>Toni L. Schultheis<br>4455 Via Bendita<br>Santa Barbara, CA 93110<br>805 967 3719<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:*  Debtor(s) | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>James Harry Salamon and<br>Jeannie Fixler Salamon<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:12-bk-17145-ES<br>CHAPTER: 11<br><br>**NOTICE OF MOTION FOR:**<br>Motion for Discharge, Final Decree and Closure of Chapter 11 Proceeding.<br><br><br><br>(***Specify name of Motion***)<br><br>DATE: 08/21/2014<br>TIME:  10:30 am<br>COURTROOM: 5A<br>PLACE: 411 W. Fourth St. Santa Ana, CA 92701 |
|---|---|

1. TO (*specify name*): The Honorable Court, the United States Trustee and All Interested Parties

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 1                                     **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 07/29/2014

Totaro & Shanahan
Printed name of law firm

/s/ Michael R. Totaro
Signature

Michael R. Totaro
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                              **F 9013-1.1.HEARING.NOTICE**

1  **Michael R. Totaro 102229**
   **Totaro & Shanahan**
2  **P.O. Box 789**
   **Pacific Palisades, CA 90272**
3  **Telephone:  310 573 0276 (v)**
   **Facsimile:   310 496 1260 (f)**
4
   **Attorneys for Debtor/Debtor in Possession**
5

6

7

8 **UNITED STATES BANKRUPTCY COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10 | In re | |
   |---|---|
   | | **Case No. 8:12-bk17145-ES** |
11 | | |
12 | **James Harry Salamon and** | **Chapter 11** |
13 | **Jeanne Fixler Salamon** | **MOTION FOR ENTRY OF A FINAL DECREE, DISCHARGE PURSUANT TO 11 U.S.C. §1141(d)(5)(A), AND FOR ENTRY OF AN ORDER CLOSING CASE; DECLARATIONS AND EXHIBITS** |
14 | | |
15 | **Debtors.** | |
16 | | |
17 | | Date:    August 21, 2014 |
   | | Time:    10:30 a.m. |
18 | | Ctrm:    5A 411 W. Fourth St. Santa Ana, CA |
19

20 **TO THE HON. COURT, THE UNITED STATES TRUSTEE AND ALL**
21 **INTERESTED PARTIES:**
22 
   Debtors James Harry Salamon and Jeanne Fixler Salamon move this Court for
23 a Final Decree, Discharge and order Closing the Case (the "Motion").
24  The Motion is made pursuant to 11 U.S.C. §§350(a), 1101(2), 1141(d)(5)(A)
25 and Federal Rules of Bankruptcy Procedure ("FRBP") 3022 and on the grounds that
26 the estate has been "fully administered" justifying entry of a final decree and an
27 order closing the case and that "cause" exists for entry of an early discharge in this
28

case since debtors have paid all unsecured creditors under the plan and the only remaining creditors are secured creditors with collateral for their claims.

    The Motion is based on the notice, the attached Memorandum of Points and Authorities, the Declarations and Exhibits attached and the records and files in this case.

Dated:   July 28, 2014                      Totaro & Shanahan

                                                      By /s/ Michael R. Totaro
                                                          Michael R. Totaro
                                                          Attorneys for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This was an individual Chapter 11 case with multiple properties. The goal of the proceeding was to, sell some of the properties, alter the term of mortgage on the remaining properties, lower the interest rate where applicable and settle or dispose of ongoing litigation. All of the above goals have been met in the following manner:

1. The properties originally designated for sale have been sold.
2. The plaintiffs in the ongoing litigation have agreed to only seek recovery from the insurance companies with the amounts owed to be determined by state court proceedings.
3. The properties which were retained have had loans that have been modified by the confirmed plan, with only one objection.
4. An adversary proceeding by American Express has been settled and paid.
5. Funds held in escrow from a prior state court proceeding are being submitted to arbitration and have no effect on the estate.

Finally, the only outstanding issue is the amount of funds, if any, owed to the Chapter 7 trustee, Peter J. Mastan. Mr. Mastan has appealed this Court's order sustaining Debtor's objection to his claim and the trustee has taken that issue up on appeal.

## CHRONOLOGY

This case was filed on June 8, 2012. The meeting of creditors and initial debtor interview was held on August 1, 2012. On May 27, 2014 this Court filed an order confirming the Chapter 11 plan. *See* Exhibit 1 attached hereto and incorporated herein by reference.

# POST CONFIRMATION EVENTS

The only events taking place after confirmation was the litigation of the claim of Peter J. Mastan. On June 20, 2014 this Court signed an order granting Debtors' Motion to Disallow the claim. Other than this proceeding there have been no post-confirmation events other than Debtors' continuing to make payments on their mortgages. All of the unsecured debt has been fully paid. This motion is filed to obtain orders for Discharge, a Final Decree, and Close the case.[1]

## I. DEBTORS ARE ENTITLED TO A DISCHARGE FOR "CAUSE" UNDER 1141 U.S.C. §1141(D)(5)(A).

11 U.S.C. § 1141(d)(5)(A) states:

> (d)  In a case in which the debtors are an individual –
>
> (A)  **unless after notice and a hearing the court orders otherwise for cause**, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments. Emphasis added.

---

[1] As with other issues that arise in Chapter 11 cases there is a divergence of opinion on when an individual may obtain a discharge. Counsel has filed several other requests for final decree, closure and discharge, and the courts in this district have granted the requests. The following is only a sample. *See **In re Afra**,* 8:09-bk-14526-ES; ***In re Andersen**,* 2:11-bk-30466-VZ; ***In re Beinbrink**,* 8:11-bk-27169-CB*; **In re Biundo**,* 6:11-bk-29458-MJ; ***In re Cobb**,* 6:09-bk-25620-DS; ***In re Eman**,* 1:11-bk-12797-VK; ***In re Gabrielson**,* 6:12-15503-SC; ***In re Haghighinia**,* 8:09-bk-21400-CB; ***In re Huber**,* 8:10-bk-15375-TA; ***In re Kearney**,* 6:11-bk-21131-DS; ***In re Lim**,* 8:10-bk-24119-CB; ***In re Ludena**,* 8:09-bk-15866-CB; ***In re Mehra**,* 2:11-bk-18778-RK; ***In re Mondala**,* 6:10-bk49390-MJ; ***In re Palafox**,* 8:10-bk-15385-RK; ***In re Pickard**,* 8:10-bk-20943-ES; ***In re Pierce**,* 8:09-bk15260-ES; ***In re Ridder**,* 6:11-bk-26290-MJ; ***In re Seddon**,* 6:09-bk-36972-DS; ***In re Simon**,* 1:10-bk-14159-GM; ***In re Simpson**,* 8:10-bk-19745-TA; ***In re Sims**,* 8:10-bk-11286-ES; ***In re Slatterly**,* 6:09−bk−36545−MJ; ***In re Smith**,* 8:10-bk-22075-TA; ***In re Totaro**,* 1:11-bk-20073-MT; ***In re Veskoski**,* 1:09-bk-21368-GM; ***In re Watts**,* 2:11-bk34242-SK.
As a result, Debtor now moves this court for such an order.

1  Thus, the general rule provides for an individual to obtain a discharge when all plan
2  payments have been made. The Court however is left with the discretion under this section
3  to enter a discharge at a different time upon a noticed hearing and a showing of "cause."

4  As often is the case with discretionary decisions, there is some disagreement as to
5  whether an individual may obtain an early discharge in a Chapter 11 proceeding. What is
6  really at issue is whether the court should retain jurisdiction to monitor the rights of the
7  unsecured creditors. As to the secured creditors one point to be noted is that if the debtor
8  fails to make the mortgage payments, this could negate any benefit from the confirmed plan
9  including, in this case, the immediate calling in of all of the mortgages that had matured
10 prior to filing. Therefore there is a strong incentive for the Debtors to keep current with
11 post-discharge payments on the secured debt.

12 As to the unsecured debt, in this case all of the claims have been paid in full. The
13 only possible outstanding claim would be for the Chapter 7 trustee, Peter J. Mastan. While
14 debtors have sufficient funds to cover this claim, it is Debtors' counsel's opinion the appeal
15 filed by the trustee is frivolous and in light of this Court's ruling noting the trustee could
16 have made a credit bid on the foreclosed property and further noting the trustee did nothing
17 to set aside the sale of the foreclosed property once it had knowledge of the same.

18 Here, Debtors invoke the Court's discretion to enter an early discharge on the
19 grounds that "cause" exists given that Debtors have paid all obligations to unsecured
20 creditors.

### A.   THE MOTION WAS PROPERLY NOTICED AND A HEARING IS BEING HELD.

23 With the 2005 enactment of BAPCA the Legislature altered when an individual
24 debtors are entitled to receive a discharge in a chapter 11 case. Prior to 2005 all chapter 11
25 debtors could receive a discharge upon confirmation of their Plan. In interpreting the new
26 provisions pertaining to individual chapter 11 debtors, the Courts have considered that the
27 Code was changed to treat chapter 11 debtors similar to chapter 13 debtors. *In re Friedman*,
28 466 B.R. 471 (BAP 9th Cir. 2012); *In re Belcher,* 410 B.R. 206, 211 (Bankr.W.D.Va.

2009); *In re Shat*, 424 B.R. 854 (Bankr. D. Nev. 2010). However unlike a chapter 13 debtor, Section 1141(d)(5)(A) permits a chapter 11 individual debtor to obtain an earlier discharge for cause as long as there is notice and a hearing. In the context of an individual chapter 11 debtor, the statute contemplates a discharge which is keyed to completion of plan payments not simply confirmation. *In re Detweiler*, Case No. 09-63377 (Bankr. N.D. Ohio 2012).

The Courts that have considered whether there is cause for an earlier discharge have all required specific and conspicuous notice to creditors of the request. *See In re Sheridan,* 391 B.R. 287, 291 (Bankr. E.D.N.C. 2008); *In re Belcher,* 410 B.R. 206. Although some courts have indicated a request for an early discharge should be heard at the time of confirmation, *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss, 2010) still others disagree indicating a separate motion is required. *In re Haines*, 2012 WL 1790219 (Bankr. N.D. Ohio 2012); *In re Sheridan*, 391 B.R. at 291.

**Here, Debtors are serving this Motion specifying grounds under 11 U.S.C. §1141(d)(5)(A) and a Notice of the Hearing on all creditors such that this aspect of the requirements have been met**.

### B. DEBTORS HAVE ESTABLISHED "CAUSE" FOR AN ENTRY OF AN EARLY DISCHARGE.

*In re Detweiler* discussed the difference in the early discharge provisions under 1141(d)(5)(A) & (B), noting that a discharge under Subdivision (B), termed a "hardship discharge" is premised on situations where plan payments cannot be completed however "cause" under Subdivision (A) is premised on "completed" payments. *Id*.

"Cause" under subdivision (A) is not defined. *In re Draiman,* 450 B.R. 777, 823 (Bankr. N.D. Ill. 2011). It does appear that a finding of cause also requires a showing the debtors have substantial consummation of the Plan. *In re Beyer*, 433 B.R. 884, 888 (Bankr. M.D. Fla. 2009). Like most areas of law, "cause" is based on the facts and circumstances of the case. *In re Detweiler.* Some factors the courts consider are the likelihood that the debtor will make all of the payments under the plan and assurance, in the form of collateral, that

-6--

creditors will be paid the sum they have been promised even if the plan payments are not made. *In re Sheridan*, 391 B.R. at 290. In *Sheridan* the debtors plan provided a means of collateral for the unsecured debts and resulted in the Court granting a for "cause" discharge. *Id*.

Thus, the specifics of this case should be considered. Here Debtors have fully paid 100% of the allowed unsecured claims. The only claims not paid are the claims wherein the plaintiffs have agreed to proceed against the insurance carrier and the claim of Matsan which is on appeal. Debtors are current on the mortgage payment for the properties they have not sold. *See* Declaration of James Harry Salamon, attached hereto as Exhibit 2 and incorporated herein by reference.

A significant factor in the court permitting an early discharge for "cause" under subdivision (A) in *In re Sheridan*, 391 B.R. at 290-291 was the fact the unpaid creditors had a security interest in collateral to guarantee future payments. Here all of the remaining payments, including the arrearage payments are secured by the properties.

In *In re Draiman*, 450 B.R. 777, 823 (Bankr. N.D. Ill 2011) the court considered as relevant facts in determining cause for an early discharge, the likelihood debtor will make all plan payments, the existence of collateral assuring the creditors will be paid even if plan payments are not made, and whether the plan has been substantially consummated. Theses factors are essentially the same as considered in *In re Sheridan* with the addition of the substantially consummated factor. This additional factor is applicable to this case.

"Substantial consummation" is defined in 11 U.S.C. §1101(2) to mean:

>  (A) transfer of all or substantially all of the property proposed by the plan to be transferred:
>
>  (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan;
>
>  (C) commencement of distribution under the plan.

In this case, there was no property to be transferred, however debtors have satisfied the two remaining facets of the definition. Debtors have assumed management of all of the property dealt with by the Plan and has not only begun making payments under the Plan but has in fact paid all of the unsecured debt under the terms of the Plan. Thus, the Plan has been substantially consummated.

Given the above, Debtors have satisfied all of the factors the courts have considered in determining the existence of "cause" for the early entry of a chapter 11 discharge. Thus, the Court should exercise its discretion and enter a discharge in this case under 11 U.S.C. § 1141(d)(5)(A).

## II. ENTRY OF A FINAL DECREE AND AN ORDER CLOSING THE CASE IS APPROPRIATE IN THIS CASE.

### A. A FINAL DECREE MAY BE ENTERED SINCE THE CASE IS FULLY ADMINISTERED UNDER FRPB 3022.

Entry of a Final Decree is provided for in FRBP 3022 which states "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion, or on motion of a party in interest, shall enter a final decree closing the case."

Neither the Bankruptcy Code nor the Federal Rules of bankruptcy Procedure define what is meant by "fully administered," however The Advisory Committee Note to Rule 3022 sets forth six factors to consider in determining whether a case has been "fully administered." These factors include:

1) whether the order confirming the plan has become final,
2) whether deposits required by the plan have been distributed,
3) whether the property proposed by the plan to be transferred has been transferred,
4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,
5) whether payments under the plan have commenced, and
6) whether all motion, contested matters, and adversary proceedings have been

finally resolved.

Although the above discussion is only advisory, courts frequently rely on these factors in determining whether to enter a final decree and close a chapter 11 case. See, *In re Union Home and Indus., Inc.* 375 B.R. 912, 917 (10th Cir, BAP 2007); *In re Necaise, Jr.*, 443 B.R. 483, 489 (Bankr. S.D. Miss. 2010).

These factors are essentially a slight expansion of the definition of substantial consummation under 11 U.S.C. §1101(2) as numbers 3 through 5 of the factors are virtually identical to the terms included in the definition. Since those factors have been discussed *supra*, only the remaining three will be addressed at this time.

The order confirming the Plan in this case was entered on December 12, 2012 and is clearly final. There were no deposits to be made under the Plan and all motions, contested matters and adversary proceedings have been resolved. Advisory Committee Note, Factors 1, 2 & 6.

Here, the only action remaining for Debtors is to make Plan payments on the secured debt. In *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) the Court concluded that even though the debtor had not completed all plan payments and was not eligible for a discharge, this did not prevent the case from being "fully administrated."

Indeed, the Advisory Committee Note also states:

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

As set forth herein, Debtors have established the case is fully administered and the Court should enter a final decree and close this case.

### B. THE PLAN PROVIDES DEBTORS MAY FILE A REQUEST TO ENTER A FINAL DECREE AND CLOSE THE CASE UPON PROOF BY DEBTORS OF SUBSTANTIAL CONSUMMATION AS DEFINED IN BANKRUPTCY CODE SECTION 1101(2).

As additional support for entry of a Final Decree, all creditors have previously been advised that a Final Decree might be filed. The Plan in this case specifically provides under Article VII, General Provisions, G. Provides that a final decree may not be entered until the case is fully administered. However that Section of the Plan, indicates the court may "allow a Final Decree at an earlier date if requested in Miscellaneous Provision (below) or for cause shown." Exhibit 3, Plan, p. 8. The miscellaneous provisions are set forth in Article VII, General Provisions, H. Miscellaneous, which states: "The plan will be considered fully administered upon 60 months of payments, even if payments for the mortgages extend beyond that period or upon completion of all payments to the unsecured creditors whichever occurs first." Exhibit 3, Plan, p. 8.

## CONCLUSION

**WHEREFORE** Debtors pray that this Court grant the following relief:

1. Enter an order granting Debtors a discharge under 11 U.S.C. §1141(d)(5)(A) ; and

4. Enter an order of final decree closing the case under FRBP 3022.

Dated: July 28, 2014                  Totaro & Shanahan

                                      By   **/s/ Michael R. Totaro**
                                               **Michael R. Totaro**
                                               **Attorneys for Debtor**

# DELARATION OF JAMES HARRY SALAMON

I, James Harry Salamon, declare:

1.  I am the debtor in the within matter. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2.  This court previously signed an order permitting me to sell a group of the properties. As part of that sale, all of the unsecured debt was paid to the creditors. There is no unsecured debt left to be paid.

3.  To my knowledge there are only four matters to be settled, three of them in state court. Two of the lawsuits involved tenant right's suits brought on behalf of alleged defects in one of the apartment buildings, which has now gone to foreclosure. The plaintiffs in those case have been permitted to proceed with their cause of action so long as they agreed to only go after insurance proceeds. A third matter involves an arbitration for the release of funds which have been held in escrow for over 5 years. Again this is a state court proceeding. Finally, the last matter is the appeal of the Chapter 7 trustee concerning this Court's ruling on June 27, 2014, granting Debtors' motion for an order disallowing clam. In all likelihood this matter will be pending for another year, but at the moment this Court's order is final.

4.  I have reviewed this Motion and can attest to the information contained herein and to the extent it pertains to information pertinent to the case, the various plans and Disclosure Statements. By this declaration I am attesting to the information contained herein and am incorporating it herein by reference.

I declare under penalty of perjury the foregoing is true and correct. Executed on July 28, 2014 at Los Angeles, CA.

James Harry Salamon

-11-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled (*specify*): "MOTION FOR ENTRY OF A DISCHARGE PURSUANT TO 11 U.S.C. §1141(d)(5)(A); FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CASE" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *July 28, 2014*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **See attached**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 29, 2014 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A Smith, 411 W. Fourth St. Santa Ana, Ca 92701

James and Jeannie Salamon, P.O. Box 480762, Los Angeles, CA 90048

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/29/2014 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-12--

1. By ECF:

- Steven L. Bergh sbergh@pnbd.com
- Aaron De Leest aed@dgdk.com, DanningGill@gmail.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- Robert S Lampl advocate45@aol.com
- Ann G Lee alee@grahamvaagelaw.com
- Mark J Markus bklawr@bklaw.com, markjmarkus@gmail.com
- Kathy Bazoian Phelps kphelps@dgdk.com, DanningGill@gmail.com
- Martin W. Phillips marty.phillips@att.net
- Benjamin G Ramm , bgr.basta@gmail.com
- Benjamin G Ramm BRamm@wrightmcgurk.com, bgr.basta@gmail.com
- Charles Shamash cs@locs.com, generalbox@locs.com
- Dhruv M Sharma ecfcacb@piteduncan.com
- Jaime K Shean efilings@amlegalgroup.com
- Nathan F Smith nathan@mclaw.org
- Brad T Summers tsummers@balljanik.com, akimmel@balljanik.com
- Douglas G Tennant dtennant@frankel-tennant.com
- Eric J Testan etestan@frankel-tennant.com
- Michael D Testan mtestan@frankel-tennant.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Katherine S Walker bnc@amslca.com, vaguirre@amslca.com
- Michael M Wintringer mike@sgsslaw.com

## Manual Service List

KEOSIAN LAW GROUP, APC
16530 VENTURA BLVD. #550
ENCINO, CA 91436

**American Express Centurion Bank**
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

**CITICORP CREDIT SERVICES**
ATTN. BANKRTUPTCY
P.O. BOX 20507
KANSAS CIY, MO 64915

**DAHLI PAVON**
Law office of MARK SALTZMAN
18321 Ventura Blvd Ste 530
Tarzana CA 91358

**DWP**
P.O. BOX 51111

**EAST-WEST BANK**
LOAN SERVICING-MORTGAGE DEPT.

9300 FLAIR DR. 5TH FL
EL MONTE, CA 91731

**FARMER'S INSURANCE CO.**
P.O. BOX 894731
LOS ANGELES, CA 90189

**FARMER'S INSURANCE CO.**
AZAR KHAZIN
13949 VENTURA BLVD.
SHERMAN OAKS, CA 91423

**FRANK MCHUGH-O'DONOVAN FOUNDATION I**
C/O CHARLES DUNN REAL ESTATE SERV
800 W SIXTH ST 6TH FL
LOS ANGELES, CA 90017

**GEMB/GAP**
P.O. BOX 981400
EL PASO, TX 79998

**HSBC/SAKS**
140 W. INDUSTRIAL DR.
ELMHURST, IL 60126

**INDEPENDENCE BANK**
COMMERCIAL REAL ESTATE LENDING
4533 MACARTHUR BLVD. #B
NEWPORT BEACH, CA 92660

**INTERNAL REVENUE SERVICE**
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**JPMorgan Chase Bank, National Association**
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

MATHON AND ROSENSWEIG
9300 WILSHIRE BLVD. #300
BEVERLY HILLS, CA 90272

**NCO FINANCIAL SERVICES, INC.**
2920 PROPSECT PARK DR.
RANCHO CORDOVA, CA 95670

**NORDSTROM FSB**
P.O. BOX 6566
ENGLEWOOD, CO 80195

**NORTH SHORE UNIVERSITY HOSPITAL**
P.O. BOX 4318
MANHASSET, NY 11030

**PETER J. MASTAN**

TRUSTEE OF DAVID BEHREND
550 S. HOPE ST. #825
LOS ANGELES, CA 90071

**PRENOVOST, NORMANDIN, BERGH & DAWE**
2122 N. BROADWAY #200
SANTA ANA, CA 92706

MARGARET ELDER
17011 BEACH BLVD. #900
HUNTINGTON BEACH, CA 92647

**SOUTHERN CALIFORNIA GAS CO**
P.O. BOX C
MONTEREY PARK, CA 91756

**TARGET NATIONAL BANK**
P.O. BOX 1327 MAIL STOP 3CK
MINNEAPOLIS, MN 55440

**THE FAIR HOUSING COUNCIL OF SF**
C/0 MARGARET ELDER
17011 BEACH BLVD. #900
HUNTINGTON BEACH, CA 92647

**TOYOTA MOTOR CREDIT CORP**
ASSET PROTECTION DEPT. WF21
P.O. BOX 2958
TORRANCE, CA 90509

**Toyota Motor Credit Corporation (TMCC)**
PO BOX 8026
Cedar Rapids, Iowa 52408-8026